UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIO J. HERNANDEZ, on behalf of himself and all others similarly situated,

    Plaintiff,

 -against-

BMNY CONTRACTING CORP., BMNY CONSTRUCTION CORP. and BENEDETTO CUPO,

    Defendants.

---

COMPLAINT

Collective and Class Action

  Plaintiff, MARIO J. HERNANDEZ ("Plaintiff"), on behalf of himself, and on behalf of all others similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, BMNY CONTRACTING CORP., BMNY CONSTRUCTION CORP. and BENEDETTO CUPO (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

  1. Defendants are engaged in the construction business. The Plaintiff and similarly situated employees performed non-exempt work for the Defendants. Plaintiff and similarly situated employees regularly worked more than forty hours in a workweek, but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

  2. In addition, Defendants delayed making payments to Plaintiff and similarly situated employees, by failing to issue them paychecks on a regular and timely basis and by issuing checks that were returned for insufficient funds in violation of the FLSA's prompt payment requirement, 29 U.S.C. 206(a) and failed to pay Plaintiff and similarly situated employees in accordance with the agreed terms of employment in violation of the Labor Law §191(1)(d).

1

3. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiff also brings this action on behalf of himself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

7. Defendants do business in the State of New York, within the Southern District of New York and maintain a place of business at 260 Madison Avenue, New York, New York.

## PARTIES

8. The Defendant, BMNY CONTRACTING CORP., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

9. At all times relevant, Defendant, BMNY CONTRACTING CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

10. At all relevant times, Defendant, BMNY CONTRACTING CORP., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were used goods, equipment and other materials, such as building material and tools, much of which originated in states other than New York.

11. The Defendant, BMNY CONSTRUCTION CORP., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

12. At all times relevant, Defendant, BMNY CONSTRUCTION CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

13. At all relevant times, Defendant, BMNY CONSTRUCTION CORP., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were used goods, equipment and other materials, such as building material and tools, much of which originated in states other than New York.

14. Defendant, BENEDETTO CUPO, is an owner and/or officer of the corporate defendants, has authority to make payroll and personnel decisions for the corporate defendants, and is active in the day to day management of the business, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

15. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the

meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

16. At all relevant times, Plaintiff was a non-exempt employee of the Defendants.

17. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

## STATEMENT OF FACTS

18. Plaintiff was a non-exempt hourly paid employee of the Defendants.

19. Throughout his employment with Defendants, Plaintiff regularly worked more than forty hours in a workweek.

20. For example, during the period September 8, 2017 to September 14, 2017, Plaintiff worked a total of 63 hours; during the period September 15, 2017 to September 21, 2017, Plaintiff worked a total of 60 hours; and during the period September 29, 2017 to October 5, 2017, Plaintiff worked a total of 55.5 hours.  Defendants paid Plaintiff at his regular rate of pay for all hours worked, including the hours worked by Plaintiff in excess of 40 hours.  Defendants failed to pay Plaintiff premium overtime compensation at the rate of one and one-half times his regular hourly rate of pay for the hours Plaintiff worked after 40 hours per week.

21. The Defendants had control over the conditions of Plaintiff's employment, work schedule, the rates and methods of payment of Plaintiff's wages and the maintenance of his employment records.

22. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

23. Defendants failed to pay Plaintiff and persons similarly situated to Plaintiff a premium for time worked in excess of forty (40) hours per week.

24. Defendants delayed making payments to Plaintiff and similarly situated employees by failing to issue paychecks on a regular basis and by issuing checks that were returned for insufficient funds in violation of the FLSA's prompt payment requirement, 29 U.S.C. §206(a) and failed to pay employees in accordance with the agreed terms of employment in violation of Labor Law §191(1)(d).

25. For example, Defendants issued a check to Plaintiff bearing number 9330, drawn against an account at TD Bank, in the amount of $1,234.76 for hours worked during period October 6, 2017 to October 12, 2017, that was returned for insufficient funds.

26. Defendant failed to provide Plaintiff upon hire written notice of his rate of pay and other information required by Section 195 of the New York State Labor Law.

27. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

28. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

29. Plaintiff also bring FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who

performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

30.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

31.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

32.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## **RULE 23 CLASS ACTION ALLEGATIONS**
## **NEW YORK STATE LABOR LAW**

33.     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been,

6

employed by the Defendants in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

34. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

35. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

36. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

(b) whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(c) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(d) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(e) whether Defendants failed to provide Plaintiff and Class Members with a wage notice upon hire, as required by law;

(f) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(g) whether Defendant's general practice of failing and/or refusing to pay the Plaintiff and Class minimum wages and overtime was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

38. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay overtime wages to Plaintiff and the Class.

39. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

40. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

41. Plaintiffs has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

42. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

43. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

44. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

45. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT: MINIMUM WAGES

46. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants willfully failed to pay Plaintiff and Collective Action Plaintiffs at the applicable federal minimum wage as codified by 29 U.S.C. 206(a)(1) for all hours worked, in violation of the Fair Labor Standards Act.

48. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA.

49. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

50. As a consequence of the willful underpayment of wages, Plaintiff and Collective Action Plaintiffs are entitled to recover from Defendants unpaid minimum wages, liquidated damages and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

51. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

53. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

55. Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

56. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants paid Plaintiff and Class Members less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

58. By Defendants' failure to pay Plaintiff and the Rule 23 Class Members minimum wages for all hours worked they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

59. Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

60. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiff and Class Members were not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation

62. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of New York Labor Law.

63. By Defendants' failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

64. Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF LABOR LAW SECTION 191**

65. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Plaintiff's agreed upon wage rate was within the meaning of Labor Law §190, 191.

67. Plaintiff and Class Members were entitled to be paid all their weekly wages at their agreed upon wage rate "not later than seven calendar days after the end of the week in which the wages were earned.

68. Defendants violated Labor Law §191 by failing to pay Plaintiff and Class Members all of their wages earned within the week such wages were due.

69. Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

### SIXTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

70. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Plaintiff and Class Members performed a significant amount of work for the benefit of Defendants, at Defendants' behest, for which they have not been paid.

72. Defendants were enriched at the expense of Plaintiff and Class Members and it is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

### SEVENTH CLAIM FOR RELIEF
### QUANTUM MERUIT

73. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Plaintiff and Class Members performed valuable services for Defendants in good faith, at Defendants' behest, which were accepted by Defendants.

75. Plaintiff and Class Members performed valuable services for Defendants with the expectation that they would be compensated for their work.

76. Plaintiff and Class Members are entitled to the recovery the reasonable value of the services that they provided to Defendants.

### EIGHTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE NOTICE

77. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1). Therefore, each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid minimum wages, overtime wages, and damages pursuant to New York Labor Law §195, liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
November 30, 2017

        LAW OFFICE OF PETER A. ROMERO PLLC
        /s
By: _____
        Peter A. Romero, Esq.
        103 Cooper Street
        Babylon, New York 11702
        Tel. (631) 257-5588
        promero@romerolawny.com

*Attorneys for Plaintiff*