**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x

MARIO J. HERNANDEZ, *on behalf of himself and*     :
*all others similarly situated,*                                         :
                                         Plaintiff,     :
                                                                 :
                       -against-                             :          MEMORANDUM DECISION
                                                                 :               AND ORDER
BMNY CONTRACTING CORP., BMNY         :
CONSTRUCTION CORP., and BENEDETTO  :          17 Civ. 9375 (GBD)
CUPO,                                                         :
                                                                 :
                                         Defendants.    :

------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

Named Plaintiff Mario J. Hernandez brings this putative class action on behalf of himself

and other similarly situated current and former employees of Defendants BMNY Contracting

Corp. and BMNY Construction Corp. (collectively, the "Corporate Defendants"). (*See* Compl.,

ECF No. 1.) In the original complaint, Plaintiff asserts claims against the Corporate Defendants

and their owner and/or officer, Defendant Benedetto Cupo, for violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), quantum

meruit, and unjust enrichment. (*Id.* ¶¶ 46–78.) Plaintiff now moves for leave to amend the

complaint pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure. (*See* Letter from

Peter A. Romero to this Court dated Jan. 3, 2019 ("Letter Mot."), ECF No. 48.) Plaintiff's motion

is DENIED.

Plaintiff filed the original complaint on November 30, 2017, (*see* Compl.), and this Court

referred the matter to mediation. (*See* Mediation Referral Order, ECF No. 28.) On September 11,

2018, after the mediation was unsuccessful, Plaintiff moved for class certification pursuant to

FLSA § 216(b). (*See* Letter Mot. at 1; Notice of Motion, ECF No. 39.) Defendants did not file an

opposition to Plaintiff's class certification motion.

At a status conference on October 10, 2018, defense counsel stated that, although he had informed Defendants that failure to defend this matter may result in entry of a default judgment against them, Defendants had directed him to take no further action on their behalf. (*See* Letter from Paul T. Vink to this Court dated Oct. 19, 2018 ("Def. Counsel Letter"), ECF No. 45.) Following the status conference, defense counsel notified this Court by letter that, after further discussion of the possibility of a default judgment, Defendants had advised defense counsel that he would be paid no further fees and reiterated that they did not wish defense counsel to take any further steps in this action. (*Id.*) Accordingly, defense counsel requested leave to withdraw. (*Id.*) On October 22, 2018, this Court granted defense counsel's request. (*See* Memo Endorsement, ECF No. 46.) Plaintiff now moves for leave to file a Proposed Amended Complaint ("PAC") adding Anna Salerno as a defendant prior to Plaintiff's anticipated motion for default judgment. (*See* Letter Mot.; *see also* Proposed Amended Compl. ("PAC"), ECF No. 48-1.)

Because the PAC adds a new party but does not assert any new claims, (*compare* Compl. ¶¶ 46–78, *with* PAC ¶¶ 47–79), Plaintiff's request for leave to amend is governed by Rule 21, rather than Rule 15. Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Though the Second Circuit has offered limited guidance" in applying Rule 21, "the consensus in this [district] is that when 'deciding whether to allow joinder, courts adhere to the same standard of liberality afforded to motions to amend [pleadings] under Rule 15.'" *Sanders v. Houslanger & Assocs., PLLC*, No. 17 Civ. 8985 (DC), 2018 WL 6444921, at *2 (S.D.N.Y. Sept. 6, 2018) (quoting *Sly Magazine, LLC v. Welder Publ'ns LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) and collecting cases). Under that standard, "leave to amend 'shall be freely given when justice so requires,'" *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quoting Fed. R. Civ. P. 15(a)), but "[l]eave to amend may be denied 'for good reason,

including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Id.* (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he [c]ourt may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *In re Commodity Exch., Inc. v. Silver Futures & Options Trading Litig.*, No. 11 Md. 2213 (RPP), 2013 WL 1100770, at *6 (S.D.N.Y. Mar. 18, 2013), *aff'd*, 560 F. App'x 84 (2d Cir. 2014) (quoting *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)) (internal quotation marks omitted).

Moreover, "[a] court may deny leave to amend a complaint as futile 'if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6).'" *Lees v. Graduate Ctr., City Univ. of N.Y.*, 696 F. App'x 530, 531 (2d Cir. 2017) (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must, among other things, provide 'a plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Homeless Patrol v. Joseph Volpe Family*, 425 F. App'x 60, 62 (2d Cir. 2011) (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)) (alterations and omission in original). When a complaint "lump[s] all defendants together in each claim and provid[es] no factual basis to distinguish their conduct," it "fail[s] to satisfy this minimum standard." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

Here, the sole factual allegation in the PAC as to Salerno is that, "[u]pon information and belief, Defendant, Anna Salerno a/k/a Anna Cupo, is an owner and/or officer of the [C]orporate [D]efendants, has authority to make payroll and personnel decisions for the [C]orporate

[D]efendants, and is active in the day to day management of the business, including the payment of wages to . . . Plaintiff and determining what wages were paid to Plaintiff." (PAC ¶ 15.)

These allegations are not properly pled "upon information and belief," because whether Salerno paid Plaintiff's wages or otherwise made decisions affecting Plaintiff's employment are matters "within the personal knowledge of [Plaintiff] or 'presumptively' within his knowledge." *Sanders v. Grenadier Realty, Inc.*, 367 F. App'x 173, 175 n.2 (2d Cir. 2010) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1224, at 300–01 (3d ed. 2004)). Even when "matters peculiarly within a defendant's knowledge may be pled 'on information and belief,'" such "allegations must be accompanied by a statement of the facts upon which the belief is based." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). Plaintiff has provided no such statement of facts here.

The proposed amendments would also be futile, because the allegations in the PAC fail to provide an adequate basis to distinguish Salerno's conduct from that of the other Defendants. Plaintiff's factual allegation as to Salerno is identical to allegations in the original complaint and PAC against Defendant Benedetto Cupo, except that the allegations against Benedetto Cupo are not made "[u]pon information and belief." (*See* Compl. ¶ 15; PAC ¶¶ 15–16.) In all other respects, the PAC is substantially identical to the original complaint. In both pleadings, Plaintiff's allegations describing alleged violations of the FLSA and NYLL "lump[] all [D]efendants together and provid[e] no factual basis to distinguish their conduct." *Atuahene*, 10 F. App'x at 34; (Compl. ¶¶ 46–78; PAC ¶¶ 47–79). Because the PAC does not provide Salerno with "fair notice of what [Plaintiff's] claim is and the grounds upon which it rests," Plaintiff has failed to state a claim against her, and the proposed amendments would be futile. *Homeless Patrol*, 425 F. App'x at 62.

claim against her, and the proposed amendments would be futile. *Homeless Patrol*, 425 F. App'x at 62.

Moreover, although Plaintiff "knew or should have known of the[se] facts . . . when the original pleading was filed," *In re Commodity Exch.*, 2013 WL 1100770, at *6, Plaintiff did not seek leave to amend the complaint until more than a year later, after the original named Defendants' default. (*See* Compl.; Letter Mot.; Def. Counsel Letter.) Because Plaintiff "offers no excuse for the delay," his request for leave to amend is also denied as untimely. *In re Commodity Exch.*, 2013 WL 1100770, at *6.

## CONCLUSION

Plaintiff's motion for leave to amend the complaint, (ECF No. 48), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
     January 17, 2019

SO ORDERED.

GEORGE B. DANIELS
United States District Judge