USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIO J. HERNANDEZ, et al.,

Plaintiffs,

-v-

BMNY CONTRACTING CORP., et al.,

Defendants.

17-cv-9375 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

By order of March 27, 2026, the Court adopted in full the April 29, 2025 Report and Recommendation of Magistrate Judge Barbara Moses awarding compensatory and liquidated damages, following an inquest, to the original named Plaintiffs in this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") on their motion for a default judgment against all Defendants. Dkt. Nos. 133, 135. Among other rulings, Judge Moses held that the named Plaintiffs were entitled to liquidated damages equal to the total amount of all wages that were not paid in accordance with the law for Defendants' untimely payment of wages in violation of NYLL § 191(1)(a)(i). Dkt. No. 133 at 31. Judge Moses noted that such result "seem[ed] harsh," but stated that "'if there is a problem to be fixed, it is for the legislature to do so.'" *Id.* at 31 n.14 (quoting *Ramirez v. Urion Constr. LLC*, 674 F. Supp. 3d 42, 54 (S.D.N.Y. 2023)). The Court did not enter judgment because its Order did not resolve the claims for relief of all parties. Dkt. No. 135. A number of Plaintiffs had opted into the FLSA collective action portion of the case, but did not move for default judgment.

By letter of April 14, 2026, counsel for the named Plaintiffs has brought to the Court's attention that, on May 9, 2025, the New York State legislature amended NYLL § 198(1)(1-a).

Dkt. No. 138. The legislature resolved a division among the courts by recognizing explicitly a private right of action for late-paid wages but also limited the liquidated damages available for such a claim. Under the amendment, victims of a violation of NYLL § 191 are entitled to liquidated damages of "no more than one hundred percent of the lost interest found to be due for the delayed payment of wages calculated using a daily interest rate for each day payment is late based on the annual rate of interest then in effect, as prescribed by the superintendent of financial services pursuant to section fourteen-a of the banking law for the employer's first violation." NYLL § 198(1)(1-a)(i). Counsel brings the matter to the Court's attention in the proper exercise of its responsibility to bring potentially adverse authority to the Court's attention on a default matter. Dkt. No. 138 at 1 n.2. Counsel notes that a number of courts have held that the amendment applies retroactively. *Id.* at 2–3. Counsel also acknowledges that "[i]f this amendment applies, then an award of liquidated damages equal to the amount of Plaintiffs' late paid wages . . . would no longer be permitted." *Id.* at 2.

The Court has authority under Federal Rule of Civil Procedure 54(b) to revise "any order or other decision . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). To obtain relief under Rule 54(b), "[t]he moving party ordinarily must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004). The session law enacting the amendment states that it "shall take effect immediately and shall apply to causes of action pending or commenced on or after such date." Act of May 9, 2025, ch. 56, 2025 N.Y. Laws S. 3006-C, Part U, § 2. The law thus applies to this action which was still pending at the time the amendment was adopted. *See Euson v. TRC Eng'rs, LLC*, 2025 WL 2591847, at *9

(N.D.N.Y. Sept. 8, 2025); *Garcia v. New Force Constr. Corp.*, 2025 WL 2015158, at *15 n.6 (E.D.N.Y. July 18, 2025); *Lopez v. J&L Sky Contractors Corp.*, 2025 WL 1859690, at *17 n.4 (E.D.N.Y. July 7, 2025). The memorandum of law in support of named Plaintiffs' request for damages and supporting evidence were submitted in March 2022, before the amendment was adopted. Dkt. Nos. 125, 128, 130. As a result, Judge Moses did not consider the effect of the amendment.

Because judgment has not yet been entered, the Court exercises its discretion to revise its Order adopting the Report and Recommendation to limit the liquidated damages available for named Plaintiffs' late-paid wages. Named Plaintiffs are directed to submit a sworn declaration by no later than August 24, 2026, with the correct calculation of liquidated damages according to the formula set forth at page two of Dkt. No. 138. Counsel for named Plaintiffs shall also submit a proposed form of judgment.[1]

SO ORDERED.

Dated: August 10, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

[1] The Court is aware that counsel for named Plaintiffs, Mr. Romero, intends to file a motion to withdraw. The Court sets the date for the submission of this evidence, cognizant of the fact that Mr. Romero shortly will be permitted to withdraw from this case.