ROMERO
LAW GROUP PLLC
LABOR AND EMPLOYMENT LITIGATION

Peter A. Romero, Esq.
David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

August 24, 2026

**VIA ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Mario Hernandez, et al. v. BMNY Contracting Corp., et al.*
Docket No.: 17-CV-9375 (LJL) (BCM)

Dear Judge Liman:

This firm represents the named Plaintiffs[1] who brought this action against Defendants BMNY Contracting Corp., BMNY Construction Corp., Benedetto Cupo, and Eastland Services Corp. (collectively as "Defendants"), their former employers, for violations of the Fair Labor Standards Act, New York Labor Law and New York common law. On April 14, 2026, Plaintiffs submitted a letter informing the Court regarding a legislative amendment to New York Labor Law ("NYLL") § 198(1)(1-a), so that the Court could decide if any modification to its recent order adopting the Report and Recommendation was necessary. D.E. 138. On August 10, 2026, the Court entered an order stating that the Court elected to "exercise[] its discretion to revise its Order adopting the Report and Recommendation to limit the liquidated damages available for named Plaintiffs' late-paid wages." D.E. 151. The Court then stated that the "Named Plaintiffs are directed to submit a sworn declaration by no later than August 24, 2026, with the correct calculation of liquidated damages according to the formula set forth at page two of Dkt. No. 138. Counsel for named Plaintiffs shall also submit a proposed form of judgment." *Id.* To accomplish this, Plaintiffs' counsel must confer with each of the affected Plaintiffs to determine the periods that their wages were paid late for each instance where a violation occurred as the recent amendments require a more fact insensitive assessment to determine the amount of damages than the prior statutory framework. Plaintiffs' counsel requires additional time to complete these inquiries due to the large number of impacted Plaintiffs. Plaintiffs' counsel was also out of the office on a scheduled vacation for a portion of the time since this order was entered.

---

[1] The named Plaintiffs who this firm continues to represent are Mario J. Hernandez, Jose Milton Aparicio, Fidencio Orellana Diaz, Diego Lacerda, Francisco Lopez, Assis Rodriguez, Vradimir A. Guzman, Ramon Basurto, Guillermo A. Sanchez, Walney Silva, Brandon Hemmen, Jefferson Bastos and Victor Chila Lopez (collectively as "Plaintiffs" or "Named Plaintiffs").

490 Wheeler Road, Suite 277, Hauppauge, New York 11788 · (631) 257-5588 · overtimelawny.com

Accordingly, Plaintiffs request that the Court permit a thirty-day extension of time until September 23, 2026 for Plaintiffs to submit a proposed judgment and declaration, and any other necessary documentation, in accordance with the Court's order to assess damages for Defendants' violations of New York Labor Law § 198.[2] This is Plaintiffs' counsel's first request for the relief sought herein.

Plaintiffs thank the Court for its kind consideration of this request.

Respectfully,

*/S/ David D. Barnhorn*
DAVID D. BARNHORN, ESQ.
PETER A. ROMERO, ESQ.

C: All Counsel of Record

Plaintiffs' request is GRANTED. Plaintiffs shall submit the proposed form of judgment and sworn declaration by September 23, 2026.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

August 24, 2026

[2] To aid the Court, and for clarity, the opt-in Plaintiffs who this firm no longer represents in light of the Court's previous order granting withdrawal of counsel are opt-in Plaintiffs Cheiton C. De Souza, Roberto Da Costa, Luiz Victor Matos, Jose De Olivera, Josue Salgado, Vander Aguiar, Ali Tunkara, Dembo Cham, and Josue Canas Alvarado. D.E. 144-145. These opt-in Plaintiffs remain *pro se*.